# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL W. SMITH,**

    **Petitioner,**

    **vs.**                                   **CIVIL NO. 17-cv-0739-DRH**

**T.G. WERLICH,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, he seeks restoration of 41 days of good conduct credit and expungement of a disciplinary ticket.

    Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner has a valid cause of action and will order a response.

## The Petition

Petitioner is a federal prisoner. (Doc. 1, p. 1). Petitioner states that he shared a "tank" with 5 other inmates in October 2016. (Doc. 1, pp. 8, 21). Marijuana was found inside the bathroom air vent and Petitioner was disciplined for it, losing 41 days of good conduct credit. (Doc. 1, pp. 6-8). Petitioner alleges that the contraband was not found in his locker or near his bed, and that it did not actually belong to him. (Doc. 1, p. 6). He argues that his discipline was not supported by "some evidence." (Doc. 1, pp. 6-7).

The disciplinary report attached to the Petition, # 2902444, indicates that Petitioner was disciplined for violating Code 113, possession of any drug. (Doc. 1, p. 21). In addition to the discipline described by the Petition, the disciplinary report also indicates that Petitioner received 30 days disciplinary segregation (suspended), 90 days loss of commissary privileges; 90 days loss of visiting privileges; and 90 days loss of phone privileges. (Doc. 1, p. 22). Petitioner appealed the decision, but the Regional Director rejected his appeal on the grounds that the contraband was visible to anyone in the cell and that inmates are responsible for keeping their cell free of contraband. (Doc. 1, p. 26).

## Analysis

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a federal prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly brought in a § 2241 action.

*Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Petitioner alleges that his due process rights were violated by his prison disciplinary hearing. In *Wolff v. McDonnell*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings. 418 U.S. 539, 556-572 (1974); *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The findings of the disciplinary tribunal must be supported by *some* evidence in the record. *Scruggs v. Jordan*, 485 F.3d. 934, 9471 (7th Cir. 2007) (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)(emphasis in original).

Petitioner's request for restoration of good conduct credit is properly raised in this § 2241 Petition. *Jones*, 637 F.3d 841 (presenting due process claim); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994) (denial of good time credits lengthened sentence and brought claim within ambit of § 2241). Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 cases in United States District Courts. The Court orders Respondent Werlich to file a response.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Judge Herndon
2017.09.19
18:41:14 -05'00'

**United States District Judge**